IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMANTHA BLANTON and RUTH PECK, on behalf of themselves and others similarly situated, | § § § § | |
| *Plaintiffs* | § § | CIVIL ACTION NO. 17-cv-2860 |
| v. | § § § | JURY TRIAL DEMANDED |
| BRENT WALTERS and CLAYBURN CORPORATION d/b/a THE WALTERS AGENCY | § § § § | |
| *Defendants*. | § § | |

PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs Samantha Blanton ("Blanton") and Ruth Peck ("Peck") (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, file this Original Collective Action Complaint against Brent Walters ("Walters") and Clayburn Corporation d/b/a The Walters Agency ("Clayburn") (collectively, "Defendants"), showing as follows:

I. SUMMARY

1. Clayburn is an insurance agency, in the business of selling insurance to the public. Walters is the owner and operator of Clayburn.

2. Most, if not all, of Defendants' employees were paid on a weekly salary basis and were deducted for partial day absences if they did not work a full eight hours in a day or did not work 40 hours in a week. But Defendants did not pay these employees overtime when they worked over 40 hours in a week, as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Accordingly, Defendants owe its salaried employees overtime pay, liquidated damages, and all other remedies available under the FLSA.

## II.  PARTIES

3. Plaintiff Samantha Blanton is an individual residing in Texas.  She was employed by Defendants.  Blanton has standing to file this lawsuit.  Her notice of consent is attached as *Exhibit #1*.

4. Plaintiff Ruth Peck is an individual residing in Texas.  She was employed by Defendants.  Peck has standing to file this lawsuit.  Her notice of consent is attached as *Exhibit #2*.

5. The "Class Members" are "all current and former employees of Clayburn Corporation d/b/a The Walters Agency at any time during the past three years to the present who were not paid overtime compensation."  Like the named Plaintiffs, these persons were and are engaged in interstate commerce in performing their duties for Defendants.  All of the "Class Members" are similarly situated to Plaintiffs and to one another, within the meaning of section 216(b) of the FLSA.

6. Two other Class Members, Dana Tucker and Erica Lequet, are also filing opt-in notices contemporaneously with the filing of this lawsuit.

7. Defendant Clayburn Corporation d/b/a The Walters Agency is a Texas Corporation doing business in Texas for profit.  Clayburn may be served with process through its registered agent: Brent Walters, 5090 Eastex Freeway, Beaumont, Texas 77708.

8. Brent Walters is the owner, president, and director of Clayburn.  He is an individual residing in Beaumont, Texas.  Walters may be served with process at 5090 Eastex Freeway, Beaumont, Texas 77708, or anywhere else he may be found.

## III.  JURISDICTION AND VENUE

9. Defendants have eight offices throughout southern and eastern Texas, including in the Houston and Beaumont areas.

10. Defendants have employed several dozens of employees over the past three years.

11. At all relevant times hereto, Walters was an officer and president of Clayburn.

12. At all relevant times hereto, Walters had operational control over Clayburn.

13. At all relevant times hereto, Walters had the power to hire and fire employees of Clayburn.

14. At all relevant times hereto, Walters supervised or controlled employee work schedules or conditions of employment.

15. At all relevant times hereto, Walters determined the rate or method of payment to Clayburn's employees.

16. At all relevant times hereto, Walters was ultimately responsible for maintaining employee records.

17. At all relevant times hereto, Walters was an employer as that term is defined under the FLSA.

18. Defendants have engaged in commerce or the production of goods for commerce at all material times, including in 2014, 2015, 2016, and 2017. Defendants continue at this time to engage in commerce or the production of goods for commerce.

19. Defendants had annual revenues in excess of $500,000 at all material times, and have had annual revenues in excess of $500,000 in 2014, 2015, 2016, and 2017.

20. Defendants have, at all material times, been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. Defendants have, at all material times, been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. Defendants employed Plaintiffs at all relevant times within the meaning of the FLSA, 29 U.S.C. § 203(g).

23. Defendants have, at all material times, been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Defendants have had employees handling, selling, or otherwise working

on goods or materials that have been moved in or produced for commerce by any person and Defendants have had, and continue to have, annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes.

24. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

25. Venue of this action is proper in this district and division under 28 U.S.C. § 1391(b) because Defendants do business in this district and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### IV.  FACTUAL BACKGROUND

26. Blanton worked for Defendants from approximately June 2014 to January 2017.

27. Peck worked for Defendants from approximately July 2015 to May 2016.

28. Class Members were also employed by Defendants.

29. Plaintiffs and Class Members regularly worked over 40 hours per week.

30. Plaintiffs and Class Members are not exempt from the overtime requirements of the FLSA.

31. Plaintiffs and Class Members were paid on a salary for a majority, if not the entire time, they were employed by Defendants.

32. At times, Peck and some Class Members were even salaried at less than $455 per week.

33. Defendants have a standard policy and/or practice that deducts partial day absences for salaried employees if they work less than eight hours in a day.  For example, if a salaried employee worked 38 hours in a week, he/she will not receive the standard weekly salary but instead a lower pro-rated amount.  Therefore, Plaintiffs' and Class Members' compensation was "subject to reduction because of variations" in the "quantity of the work performed." *See* 29 C.F.R. § 541.602(a).  Examples of this improper pay practice are clearly shown in Plaintiffs' and Class Members' pay records.

34. But when Plaintiffs or Class Members worked over 40 hours in a week, they still only received a fixed weekly salary and no overtime pay.

35. Defendants have a policy and/or practice that requires salaried employees to work on periodic weekday evenings and some weekends.

36. Furthermore, Plaintiffs and Class Members who were involved in selling insurance as a primary job duty were required to be able/willing to work at almost any time, day or night, and on weekends.

37. In performing their duties for Defendants, Plaintiffs were engaged in commerce or in the production of goods for commerce.

38. Plaintiffs are entitled to overtime at one-and-one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.  Defendants failed to pay Plaintiffs for this overtime.

39. Defendants' practice of failing to pay overtime compensation violate the FLSA.

40. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

41. Defendants did not act in good faith in attempting to comply with the FLSA.

42. Defendants have been aware of the FLSA's requirements for more than 3 years.

43. Defendants willfully violated the FLSA.

### V. CAUSE OF ACTION – FLSA VIOLATION AND FAILURE TO PAY OVERTIME

44. Plaintiffs hereby incorporate, by reference, the preceding paragraphs as if fully set forth herein.

45. Defendants violated the FLSA because they failed to pay Plaintiffs and Class Members overtime compensation.

46. Defendants had an obligation to pay Plaintiffs and Class Members at a rate of one and one-half times their regular rate of pay for all hours they worked in excess of forty in a given workweek.

47. Plaintiffs and Class Members also seek, and are entitled to recover, liquidated damages on their claims under the FLSA. *See* 29 U.S.C. § 216(b). Defendants did not act in good faith when failing to pay Plaintiffs and Class Members in accordance with the requirements of the FLSA.

48. Defendants also willfully violated the FLSA and/or showed reckless disregard when attempting to comply with the FLSA. Therefore, Plaintiffs and Class Members are entitled to overtime and liquidated damages for up to three years from the date this lawsuit is filed.

49. Plaintiffs and Class Members are also entitled to recover attorney's fees because of Defendants' FLSA violations. *See* 29 U.S.C. § 216(b).

## VI.  COLLECTIVE ACTION ALLEGATIONS

50. Defendants have engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis.

51. Plaintiffs bring this action as an FLSA collective action under 29 U.S.C. § 216(b) on behalf of all salaried employees who were or are employed by Defendants within the three years preceding the filing of this Complaint to the present.

52. Defendants permitted and/or required Class Members to work over 40 hours per week, but denied them overtime compensation.

53. The Class Members are similarly situated to Plaintiffs because they were all paid on a salary basis, regularly worked over 40 hours per week, but were subject to partial-day deductions and did not receive overtime compensation.

54. Defendants classified Class Members as exempt from the overtime requirements of the FLSA; however, the Class Members were/are in fact not exempt and are therefore entitled to overtime.

55. The collective action class is properly defined as:

> **All current and former employees of Clayburn Corporation d/b/a The Walters Agency at any time during the past three years to the present who were not paid overtime compensation.**

56. The names and addresses of the Class Members are available from Defendants' records.

57. Defendants also owe Class members an amount equal to the unpaid overtime wages as liquidated damages.

58. Plaintiffs and Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## VII.  JURY DEMAND

59. Plaintiffs demand a trial by jury.

## VIII.  PRAYER FOR RELIEF

60. As a result of the above mentioned actions, Plaintiffs seeks relief as follows::

    a. An order allowing this action to proceed as a representative collective action under the FLSA;

    b. Judgment awarding Plaintiffs and Class Members all unpaid overtime compensation, liquidated damages, attorney's fees, costs, and expenses under the FLSA;

    c. Pre-judgment and post-judgment interest; and

    d. All such other and further relief to which Plaintiffs and Class Members may show themselves to be justly entitled.

Respectfully submitted,

Dated: September 25, 2017									SUD LAW P.C.

									*/s/ Nitin Sud*
									Nitin Sud
									State Bar No. 24051399
									Federal ID No. 611307
									6750 West Loop South
									Suite 920
									Bellaire, Texas 77401
									Phone: 832-623-6420
									Fax: 832-304-2552
									Email: nsud@sudemploymentlaw.com

									Attorney for Plaintiffs