IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMANTHA BLANTON and RUTH PECK, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRENT WALTERS and CLAYBURN CORPORATION d/b/a THE WALTERS AGENCY,<br><br>Defendants. | § § § § § § § § § § § § § § § | C.A. NO.: 4:17-CV-2860 |

**<u>DEFENDANTS' EXPEDITED MOTION TO STAY
PENDING RESOLUTION OF MOTION TO TRANSFER VENUE</u>**

Defendants Brent Walters and The Clayburn Corporation d/b/a The Walters Agency ("Walters" or "Defendant") file this Expedited Motion to Stay Pending Resolution of Defendants' Motion Transfer Venue to the United States District Court for the Eastern District of Texas, Beaumont Division. In support thereof, Walters respectfully shows the Court as follows:

**I.      SUMMARY OF THE ARGUMENT**

Plaintiffs Samantha Blanton and Ruth Peck, along with opt-in Plaintiffs (collectively "Plaintiffs") are former employees of Walters who allege that they were deprived overtime in violation of the Fair Labor Standards Act. Plaintiffs seek to represent a class of similarly situated employees, and filed a Motion for Conditional Certification.

Notably, Plaintiffs all worked for Walters exclusively in the Eastern District of Texas, and all relevant documents, witnesses, and the majority of the putative class reside in the Eastern District. Given the absence of any connection to the Houston Division, Walters moved to transfer venue to the Eastern District, and that Motion is currently pending before the Court.

1

Walters requests that the Motion for Conditional Certification be stayed until resolution of the threshold issue of venue is resolved.  The Court that will oversee this case should be the same court that decides whether this case is appropriate for class treatment as well as the scope of the class, if any.  The Fifth Circuit has long held that a stay is proper to resolve a threshold question – such as Defendant's Motion to Transfer Venue – prior to class certification.  This Court should follow others who have had motions to transfer venue and for conditional certification pending simultaneously and "decline to rule on the pending motion [for conditional certification] in deference to the transferee court." *Sloane v. Gulf Interstate Field Inspectors,* 2016 U.S. Dist. LEXIS 97706, at *3 (W.D. Pa. July 26, 2016).  This principle makes sense: decide where the case will be litigated before deciding if a case is appropriate for class treatment.  Accordingly, Walters requests that consideration of Plaintiffs' Motion for Conditional Certification be stayed pending resolution of Defendants' Motion to Transfer, and if Defendants' Motion to Compel is denied, Defendants be granted a reasonable time to respond to the issues raised in Plaintiffs' Motion for Conditional Certification.

## II.    FACTUAL BACKGROUND

Plaintiffs initiated this collective action in September 2017.  Walters was later served and answered the claim, denying liability.  Walters subsequently moved to transfer venue to the Eastern District while Plaintiffs have moved to conditionally certify a class of Walters' employees.  Both Motions are pending before the Court.

## III.    ARGUMENTS AND AUTHORITIES

The Supreme Court and the Fifth Circuit have long held that "a district court possesses inherent power to control its docket." *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998); *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936) (discussing "the power inherent in every court to control the disposition of the causes on its docket with economy of time

and effort for itself, for counsel, and for the litigants"). Indeed, district courts have broad discretion and inherent authority to grant a stay to preserve resources and avoid unnecessarily burdening the parties or the judicial system. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (discovery properly deferred where nothing that the plaintiff could have learned through discovery could have affected resolution of motion); *Von Drake v. NBC,* 2004 U.S. Dist. LEXIS 25090, at *4 (N.D. Tex. 2004) (holding that discovery may be stayed pending the outcome of a motion to dismiss); *Corwin v. Marney, Orton Inv.,* 843 F.2d 194, 200 (5th Cir. Tex. 1988); *Mayo v. Tri-Bell Industries, Inc.,* 787 F.2d 1007, 1012 (5th Cir. 1986).

Where there is a preliminary question – like the one presented in Defendants' Motion to Transfer Venue – a trial court should exercise its broad discretion to stay proceedings pending resolution of the threshold issue, thereby preventing the unnecessary waste of resources. *Petrus*, 833 F.2d at 583; *see also Joseph N. Main P.C. v. Elec. Data Sys. Corp.,* 168 F.R.D. 573, 575 (N.D. Tex. 1996) (noting that Magistrate Judge stayed discovery pending resolution of issues concerning compliance with local class certification rule); *Sapp v. Mem'l Hermann Healthcare Sys.,* 406 Fed. Appx. 866, 870 (5th Cir. 2010). Indeed, staying conditional certification pending the resolution of threshold issues, such as a motion to transfer venue or compel arbitration, is an appropriate exercise of the Court's discretion to preserve resources. *Dickard v. Oklahoma Mgmt. Servs.,* No. 06-5176, 2007 U.S. Dist. LEXIS 68982 (W.D. Ark. Sept. 17, 2007) (staying the issue of class certification pending resolution of the defendants' summary judgment motion because entry of summary judgment would make the class certification issue moot); *Joseph N. Main P.C.,* 168 F.R.D. at 575 (granting stay of discovery pending resolution of issues concerning compliance with local class certification rule); *Fullington v. Pfizer, Inc.*, 2011 U.S. Dist. LEXIS 22170, at *3 (E.D. Ark. Feb. 18, 2011); *Chrisiansen v. Kiewet-Murdock Inv. Corp.*, 815 F.2d 206, 214

(2d Cir. 1987); *Saunders v. First Priority Mortg., Inc.*, No. 06-CV-586S, 2010 U.S. Dist. LEXIS 83906 *4 (W.D.N.Y. Aug. 15, 2010) ("this Court finds it is appropriate to first consider whether any named Plaintiff may maintain a claim for relief prior to moving forward on class certification"); *Arena v. Delux Transp. Servs., Inc.*, No. CV 12-1718, 2013 U.S. Dist. LEXIS 23964 (E.D.N.Y. Feb. 15, 2013) (delaying ruling on conditional certification until after resolution of defendant's motion for summary judgment); *Greenburg v. Hineri,* 173 Fed. Appx. 367, 368 n. 2 (6th Cir. 2006) ("the usual and preferred practice is to rule on any pending motion to dismiss before addressing class certification"). And this general rule also makes sense because the judge who will oversee a case through resolution should be the same judge that decides if the case is appropriate for class certification.

In *Sloane v. Gulf Interstate Field Inspectors,* 2016 U.S. Dist. LEXIS 97706, at *3 (W.D. Pa. July 26, 2016), the plaintiffs moved for conditional certification of a FLSA class and the defendants moved to transfer venue for the convenience of the parties. *Id.* The court took up the transfer issue first as a threshold issue, and transferred the case to a more appropriate forum. *Id.* The court then explained that "this Court will decline to rule on the pending motion [for conditional certification] in deference to the transferee court." *Id.*

Similarly, in *Garcia v. FTS International, Inc.,* 2016 U.S. Dist. LEXIS 188025, at *2-3 (N.D. Tex. Sep. 1, 2016), the plaintiffs were granted conditional certification, and the defendant subsequently moved to transfer venue, for reconsideration of the certification order, and for a stay of all deadlines pending resolution of the transfer issue. *Id.* The court granted the stay and then granted the motion to transfer venue, thereby leaving it to the transferee court to resolve certification. *Id.*

In this case, Walters moved to transfer venue, and as in *Garcia* and *Sloane,* it is appropriate to resolve the transfer motion prior to determining class certification. The threshold issue of venue should be resolved before the parties and Court are burdened with class certification issues that may

be appropriately resolved in another forum, and without binding the potential transferee court on such a significant issue. *Vallejo v. Garda CL Southwest, Inc.,* 2013 U.S. Dist. LEXIS 12327, at *30 (S.D. Tex. Jan. 30, 2013) (finding motion for conditional certification should be delayed until forum of dispute is resolved).

Requiring the parties to litigate certification issues only to later determine that the case belongs in another venue represents a waste of resources. *Id.* Indeed, a party waives a venue challenge once a party substantially invokes the judicial process, and this standard is predicated on the sound rationale that once a case has proceeded to a significant degree, the case should not be moved to a different court. The converse principle is equally true – a case should not proceed to substantially invoke the judicial process when a threshold venue motion is pending.

Further, if a stay is granted and Defendants' Motion to Transfer is later denied, Plaintiffs will suffer no harm as their case will proceed before this Court and conditional certification can be taken up at that time.[1]

### III.     RELIEF REQUESTED

This case should have been filed in the Eastern District of Texas and has no legitimate connection whatsoever to the Houston Division. The issue of venue should be resolved prior to class certification. In the interests of justice, Walters requests that the Motion to Transfer be resolved prior to the Motion for Conditional Certification.

---

[1] If this Motion to Stay is denied, Defendants alternatively request an extension of the deadline to respond to Plaintiffs' Motion for Conditional Certification for seven days after this Motion to Stay is denied.

Dated: January 8, 2018

OF COUNSEL:

Wyatt Snider
The Snider Law Firm
State Bar No. 24039185
Federal I.D. No. 724978
3535 Calder, Suite 300
Beaumont, Texas 77706
409.924.9595 – Phone
409.924.0808 – Fax
wyatt@sniderlawfirm.com

By: */s/ William Stukenberg*
William Stukenberg
Texas Bar No. 24051397
S.D. Tex. Bar No. 55792
JACKSON LEWIS P.C.
1415 Louisiana, Suite 3325
Houston, Texas 77002
Telephone: (713) 650-0404
Facsimile: (713) 650-0405
william.stukenberg@jacksonlewis.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Plaintiffs regarding this Motion and Plaintiffs are opposed.

*/s/ William Stukenberg*
William Stukenberg

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2018, I served the foregoing document via electronic filing:

Nitin Sud
SUD LAW P.C.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 623-6420
Facsimile: (832) 304-2552
Email: nsud@sudemploymentlaw.com
*Attorney for Plaintiff*

*/s/ William Stukenberg*
William Stukenberg